MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CHRISTINE Y. WONG (NYBN 3988607)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7301
    Facsimile: (415) 436-6753
    E-Mail: christine.wong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v. )<br>)<br>ROBERTO ACOSTA, )<br>)<br>    Defendant. )<br>)<br>_____ ) | No.  CR 11-0182 CRB<br><br>**UNITED STATES' TRIAL MEMORANDUM**<br><br>Trial Date:   July 11, 2011<br>Time:        9:00 a.m.<br>Court:      Hon. Charles R. Breyer |

The United States hereby submits its trial memorandum.

I.    **CHARGES**

Roberto Acosta is charged with one count of making a false statement, in violation of Title 18, United States Code, Section 1001, based on his failure to disclose his involvement in eight murders related to his membership in the transnational gang La Mara Salvatrucha, or MS-13.

II.    **ELEMENTS**

The elements of the offense are as follows: (1) the defendant made a false statement in a matter within the jurisdiction of Immigration and Customs Enforcement, ("ICE") an agency now

1   known as Homeland Security Investigations; (2) the defendant acted willfully, that is deliberately

2   and with knowledge that the statement was untrue; and (3) the statement was material to the

3   activities or decisions of Immigration and Customs Enforcement.

4       A statement is material if it had a natural tendency to influence, or was capable of

5   influencing the agency's decisions or activities.

6   **II.     STATEMENT OF FACTS**

7       The United States will prove at trial that Roberto Acosta had been an informant for ICE

8   agents based in the San Francisco Bay Area since approximately 2005.  Roberto Acosta is a

9   Honduran national.  During his work as an informant, he was debriefed on numerous occasions

10  by ICE agents and prosecutors.  On various occasions, including on December 2008, he was

11  asked about his criminal history here and in Honduras.  Acosta provided some information about

12  his membership in MS-13 and about his criminal history, including his conviction in Honduras

13  for possession of an improvised firearm, his arrest in Honduras for attempted murder and illegal

14  possession of a firearm, and his sales of small amounts of crack cocaine in San Francisco.  In

15  addition, Acosta admitted that he passed along orders to retaliate against certain individuals,

16  which resulted in the deaths of two or three people.  Acosta denied that he directly participated in

17  these attacks.  Acosta was specifically asked whether he participated in any other murders or

18  attempted murders in Honduras, and he denied involvement in any additional murders or

19  attempted murders.

20      In February 2011, Acosta was asked again about his criminal history in Honduras.  This

21  time, Acosta admitted that in or about 2003 and 2004, he was one of the street leaders of MS-13

22  in Honduras.  He was responsible for overseeing the distribution fo the gang's narcotics

23  trafficking operation.  During this time period, he was ordered to carry out approximately eight

24  murders by gang leaders and did so.  He stated that he personally participated in approximately

25  five murders, and arranged for three additional murders.  Acosta's failure to disclose his

26  participation in the eight murders, despite repeated questions about the same, form the basis of

27  the charge against him.

28

1  III.   **EVIDENTIARY ISSUES**

2      The Government does not anticipate any evidentiary issues.

3  IV.   **STATEMENT PURSUANT TO CRIMINAL LOCAL RULE 17–1–1(b)**

4      *1.    Disclosure Of Jencks Act Material*

5      The United States has been producing Jencks material on a rolling basis, and anticipates

6  producing all Jencks material before trial begins. Because of the reciprocal nature of Rule 26.2 of

7  the Federal Rules of Criminal Procedure, and in the interest of expediting trial proceedings, the

8  defendant should also be required to produce his witnesses' statements prior to trial.  The United

9  States continues to review evidence and interview witnesses, attorneys for the United States will

10 produce or provide access to any additional Jencks Act material of which the Government

11 becomes aware.

12     *2.    Disclosure of Grand Jury Testimony*

13     The United States has provided copies of grand jury testimony of any witness who will

14 testify at trial.

15     *3.    Disclosure of Exculpatory Information*

16     The United States believes that it has produced or provided access to all exculpatory

17 information to the defendant that is currently in its possession.  The United States recognizes its

18 ongoing obligation to provide the defendant with any exculpatory material in its possession and

19 will continue to provide copies or access to such material.

20     *4.    Stipulations Of Fact*

21     The United States seek any stipulations of fact that may expedite this trial.

22     *5.     Appointment of Interpreters*

23     The United States anticipates that one witness will require the use of a Spanish

24 interpreter.

25     *6.    Dismissal of Counts and Elimination of Issues*

26     The United States is not aware of any issues that can be eliminated at this time.

27     *7.    Joinder pursuant to Rule 13*

28     There are no joinder issues.

1

**8.     *Evidence of Prior Convictions of the Defendant***

2      The defendant's prior conviction for possession of an improved firearm will only be

3 introduced as part of what the defendant disclosed to ICE agents, and will not be introduced as

4 evidence under Rule 404(b).

5

**9.     *Witnesses to be Called at Trial***

6      At this time, the Government anticipates calling two witnesses: 1.  Special Agent John

7 Moore; and 2.  Roberto Michel Bejarano-Galo (Honduran National Police).  The Government

8 reserves the right to amend this list as trial approaches.

9

**10.     *Pretrial Exchange of Exhibits and Diagrams***

10      The Government does not anticipate at this time introducing any exhibits at trial.  The

11 Government reserves the right to amend this list as trial approaches.  The Government will

12 provide binders with these exhibits to the Court and the defense before the trial begins.  The

13 Government requests that the defense similarly provide any defense exhibits.

14

**11.     *Objections to Exhibits or Testimony to be Offered at Trial***

15      The United States has not received discovery from the defense or any indication of the

16 witnesses the defendant intends to call or the exhibits the defendant intends to introduce.

17

**12.     *Voir Dire, Jury Instructions and Verdict***

18      The United States has filed proposed voir dire and jury instructions.

19

**13.     *Scheduling of Trial and Witnesses***

20      At this time, the United States anticipates calling two witnesses, and anticipates that their

21 testimony will take less than a day.  The United States requests that the defense provide a list of

22 witnesses it intends to call.

23

24 DATED: July 1, 2011                    Respectfully submitted,

25

26                                       MELINDA HAAG
                                         United States Attorney

27                                       _____/S/_____
                                         CHRISTINE Y. WONG

28                                       Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28